**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDITH BERTHA DIAZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 14-1146 (RMC)** |
| ) | |
| **NEIGHBORS CONSEJO,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

Judith Bertha Diaz, who is proceeding *pro se*, sues Neighbors Consejo and Milton Sanchez for breach of contract, claiming a loss of $24,000.  She asserts jurisdiction on the basis of diversity.  Defendants have moved to dismiss, arguing that there is no diversity of citizenship between Ms. Diaz and the Defendants and that the amount of damages is below the jurisdictional threshold.  For the reasons stated below, the Court will grant the motion and dismiss the Complaint.

## I.   FACTS

Ms. Diaz was employed at Neighbors Consejo between 2008-2012, during which time the non-profit experienced financial difficulties.  Compl. [Dkt. 1] at 1.  At some point, Ms. Diaz agreed to make a personal loan to Neighbors Consejo in the maximum amount of $24,000.  *Id*.  She was terminated in March 2012, at which point the loan was still outstanding.  *Id*. at 2.  Neighbors Consejo repaid $7,500 and agreed make monthly installment payments in the amount of $500, which it did until June 2013.  *Id*.  Ms. Diaz has repeatedly attempted to contact Milton Sanchez, Interim Executive Director of Neighbors Consejo, and John Steren, chairman of the

board, about the loan but has not heard back from them.  *Id*.  She seeks damages of "$24,000 for the remainder of the loan, emotional distress and damages."  *Id*.

Ms. Diaz is a resident of the District of Columbia.  *Id*. at 1.  The address for Neighbors Consejo and Milton Sanchez is identified as 3118 16th St. NW, Washington, D.C. 20010.  *Id*.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."  *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement.  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardian life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

### B. Diversity Jurisdiction

A federal court has subject-matter jurisdiction over a suit where (1) the parties are citizens of different states <u>and</u> (2) the amount in controversy exceeds the sum of $75,000. *See* 28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction exists when the citizenship of each plaintiff is "diverse" from the citizenship of each defendant). Diversity jurisdiction is determined based on the citizenship of the parties at the time the suit was filed. *Grupo Dataflux v. Atlas Global Grp., LP*, 541 U.S. 567, 570-71 (2004). "[D]iversity jurisdiction is lacking if there are any litigants from the same state on opposing sides." *Prakash v. American Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984). For diversity purposes, an individual is a citizen of the State where he is domiciled. *See Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989). With respect to the citizenship of a corporate defendant, the corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

### III.   ANALYSIS

Ms. Diaz has not carried her burden under Rule 12(b)(1) to establish that this Court has subject-matter jurisdiction over her lawsuit. Ms. Diaz seeks damages in the amount of $24,000 "for the remainder of the loan, emotional distress and damages." Compl. at 2. She alleges that the "maximum amount [of the loan] would be $24,000.00 because that is all I had in my pension plans and my moms' loan." *Id.* at 1. Any amount still allegedly owed to Ms. Diaz by Neighbors Consejo is substantially less than $24,000 because Ms. Diaz has already received a $7,500 plus a number of $500 monthly installment payments. *Id.* at 2. Although Ms. Diaz believes she can proceed with her lawsuit in federal court "regardless of the threshold amount,"

she is incorrect.  *See* Opp'n at 2.  It is apparent that the maximum amount in controversy is less

than $75,000, which is the minimum amount necessary to establish federal jurisdiction in a

diversity lawsuit.  *See Naegele v. Albers*, 355 F. Supp. 129, (D.D.C. 2005) ("If it becomes

apparent during the course of litigation that from the outset the maximum conceivable amount in

controversy was less than the jurisdictional minimum, the court must dismiss the case for lack of

subject matter jurisdiction.").  Therefore, the Court must dismiss Ms. Diaz's case for lack of

subject matter jurisdiction.  *Id.*

Dismissal is also warranted because Ms. Diaz concedes that complete diversity of

citizenship between the parties is lacking.   Ms. Diaz is a resident of the District of Columbia and

"agrees that Defendant Neighbors Consejo [is] a non-profit corporation located in Washington

DC [and] have [sic] the same jurisdiction as Plaintiff."  Opp'n at 2.  Absent complete diversity,

this Court lacks subject-matter jurisdiction and dismissal is required as a matter of law.  *See*

*Caterpillar, Inc.*, 519 U.S. at 68; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV.   CONCLUSION

Because this suit does not meet the statutory requirements for diversity

jurisdiction, the Court will grant Defendants' motion to dismiss [Dkt. 6] and will dismiss this

case.  A memorializing Order accompanies this Opinion.


Date: January 12, 2015                    _____/s/_____
                                          ROSEMARY M. COLLYER
                                          United States District Judge